IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS AND MASONS LOCAL NO. 22 PENSION PLAN<br><br>    Plaintiffs,<br><br>-vs-<br><br>5 STAR MASONRY LLC<br><br>    Defendant. | CASE NO. 3:20-cv-398 |

## COMPLAINT

1.     Plaintiffs are trustees of a multiemployer pension plan. Defendant is an employer obligated to make contributions to the Plan based upon a contractually agreed rate so that its employees may participate in and receive the employee benefits of the Plan. Plaintiffs bring this action on behalf of the participants and beneficiaries of the Plan for the purpose of compelling a payroll audit and collecting contributions and other amounts due to the Plan.

## JURISDICTION AND VENUE

2.     This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (2014). Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make required contributions to an employee benefit fund. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3. Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the breach giving rise to this action occurred within the jurisdiction of the U.S. District Court, Southern District of Ohio.

## THE PARTIES

3. Plaintiffs, the Trustees of the Bricklayers and Masons Local No. 22 Pension Plan, are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186 (c)(5), and administered through Trust Agreement. The Plan is a multiemployer benefit plan and employee pension plan within the meaning of ERISA §§ 3(2) and (37), 29 U.S.C. §§ 1002(2) and (37). The Plan is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5), and the Plan's Board of Trustees is the "plan sponsor" as defined by 29 U.S.C. § 1002(16)(B)(iii).

4. Defendant 5 Star Masonry LLC is an Indiana limited liability corporation with its principal place of business located at 703 S. 9th, Richmond, IN 47374. At all relevant times, Defendant was an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

## COMMON FACTS

5. At all relevant times, Defendant was a party to and agreed to abide by the terms of a Collective Bargaining Agreement ("CBA"). A true and accurate copy of the most recent CBA is attached as **Exhibit A**. A true and accurate copy of the signature page signed by a representative of Defendant is attached as **Exhibit B**.

6. The terms of the CBA require Defendant to make contributions to the Plan, along with contributions to other employee benefit plans, based upon the number of hours worked by Defendant's employees. In addition to requiring contributions to the Plan, the CBA also

incorporates the terms of the Plan's Trust Agreement. A true and accurate copy of the Plan's Trust Agreement is attached as **Exhibit C**.

7. The Plan's Trust Agreement gives Plaintiffs the authority to collect employer contributions due to the Plan. To ensure employers remit benefit contributions in a timely and orderly manner, Plaintiffs adopted a written Collection Policy. A true and accurate copy of the Plan's Collection Policy is attached as **Exhibit D**.

8. Pursuant to the terms of the CBA, Trust Agreement, and Collection Policy, Defendant is required to make monthly contributions to the Plan on behalf of each of its employees. Defendant must submit all monthly reports and contributions on or before 22nd day of the month following the month in which work was performed. In the event contributions are not made by the due date, they are delinquent and subject to liquidated damages of 10% of the contributions amount due, as well as interest at the rate of 1% per month. In the event of legal action, employers are responsible for attorney fees.

9. Pursuant to the terms of the CBA, Trust Agreement, and Collection Policy, Defendant may also be subjected to payroll audits as may be deemed appropriate. Defendant is required to provide in conjunction with such audits any and all payroll records that may be required to complete such audits. In the event a payroll audit discloses that Defendant has not paid contributions as required, Defendant is liable for the costs of the audit, along with any attorney's fees and costs incurred in connection with the amounts owed.

## COUNT I
**ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(G)(2)(E)—Order Compelling Payroll Audit**

10. Plaintiffs reallege each averment set forth as if fully rewritten herein.

11. Plaintiffs have attempted to initiate an audit of Defendant as allowed under the terms of the CBA, Trust Agreement, and Collection Policy.

12. Despite repeated attempts to contact Defendant, Defendant has refused to cooperate with the audit.

13. Under the terms of the CBA, Trust Agreement, and Collection Policy, Defendant must submit to a payroll audit at the request of Plaintiffs. By refusing to cooperate with the audit, Defendant has breached the terms of the CBA, Trust Agreement, and Collection Policy.

14. Plaintiffs have no way of verifying, absent an audit, the number of hours worked by covered employees or the amount owed, if any, in delinquent contributions, liquidated damages and interest.

15. As a result, Plaintiffs are entitled to an order compelling Defendant to submit to a payroll audit pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

## COUNT II
### (ERISA Section 515, 29 U.S.C. Section 1145 – Failure to Pay Contributions)

16. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

17. Upon information and belief, Defendant has failed to pay the required contributions for the work months of January 2018 to the present.

18. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest and attorney fees and costs pursuant to ERISA § 502(a)(3) and (g)(2), 29 U.S.C. §1132(a)(3) and (g)(2).

## COUNT III
### (LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)
### (Failure to Pay Contributions)

19. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

20. Upon information and belief, Defendant has failed to pay the required contributions for the work months of January 2018 to the present.

21.     Defendant's actions are in violation of the CBA, Trust Agreement, and Collection Policy, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest and attorney fees and costs pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT IV
### (ERISA Section 515, 219 U.S.C. Section 1145 – Failure to Pay Liquidated Damages)

22.     Plaintiffs reallege each averment set forth above as if fully rewritten herein.

23.     Upon information and belief, Defendant has failed to pay the required contributions for the work months of January 2018 to the present. As a result, Defendant owes liquidated damages of 10% of the contributions amount due, and interest at the rate of 1% per month continues to accrue from the due date of the contributions until such amount is paid in full.

24.     Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for liquidated damages and interest pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

## COUNT V
### (LMRA Section 301, 29 U.S.C. 185 – Breach of Contract)
### (Failure to Pay Liquidated Damages)

25.     Plaintiffs reallege each averment set forth above as if fully rewritten herein.

26.     Upon information and belief, Defendant has failed to pay the required contributions for the work months of January 2018 to the present. As a result, Defendant owes liquidated damages of 10% of the contributions amount due, and interest at the rate of 1% per month continues to accrue from the due date of the contributions until such amount is paid in full.

27.     Defendant's actions are in violation of CBA, Trust Agreement, and Collection Policy, and Defendant is therefore liable for liquidated damages and interest pursuant to LMRA § 301, 29 U.S.C. § 185.

**WHEREFORE**, Plaintiffs demand the following relief against Defendant:

      A.      An order compelling Defendant to submit to a payroll audit of its books and records to determine the amounts owed to Plaintiffs for delinquent contributions, liquidated damages, and interest in an amount to be determined;

      B.      Judgment in favor of Plaintiffs and against Defendant for unpaid and delinquent contributions owed by Defendant for the period of January 2018 to the present, in an amount to be determined, whether by payroll audit or otherwise;

      C.      Judgment on behalf of Plaintiffs and against Defendant for accumulated interest and liquidated damages on untimely or delinquent contributions for the period of January 2018 to the present, plus any additional interest accrued at the time of an entry of judgment, in an amount to be determined, whether by payroll audit or otherwise;

      D.      Judgment on behalf of Plaintiffs and against Defendant for the costs of any and all payroll audits needed to determine the amounts owed by Defendant;

      E.      Judgment on behalf of Plaintiffs and against Defendant in the amount of unpaid contributions which should accrue during the pendency of this action, as provided under ERISA § 502(g), 29 U.S.C. § 1332 (g)(2)(A);

      F.      Judgment on behalf of Plaintiffs and against Defendant for accumulated interest and liquidated damages on unpaid contributions which should accrue during the pendency of this action;

      G.      An award of attorney's fees and costs incurred in connection with the collection of the unpaid amounts as provided for by the terms of the CBA, Trust Agreements, Collection Policy, and ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(D);

      H.      An Order retaining jurisdiction over this cause pending compliance with all Orders; and

I.  Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(E).

>Respectfully submitted,
>
>LEDBETTER PARISI LLC
>
>/s/ Paul E. Stoehr
>Paul E. Stoehr (OH #0096213)
>5078 Wooster Rd., Suite 400
>Cincinnati, OH 45226
>(937) 619-0900 (ph)
>(937) 619-0999 (fax)
>pstoehr@fringebenefitlaw.com
>*Attorneys for Plaintiffs*