UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TRUSTEES OF THE BRICKLAYERS AND
MASONS LOCAL NO. 22 PENSION PLAN,

    Plaintiff,                                     Case No. 3:20-cv-398

vs.

5 STAR MASONRY LLC,                  District Judge Michael J. Newman

    Defendant.
_____

**ORDER: (1) DENYING PLAINTIFF'S MOTION TO COMPEL AN AUDIT (DOC. 8); AND (2) GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT THAT CLARIFIES WHETHER THE COURT HAS PERSONAL JURISDICTION OVER DEFENDANT**
_____

This civil case is before the Court on Plaintiff's motion to compel an audit. Doc. 8. Plaintiff sues under the Employee Income Retirement Security Act ("ERISA"), 29 U.S.C. § 1132(g)(2)(E), and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 1145. Defendant did not file a memorandum in opposition, and the time for doing so has expired. For the reasons set forth herein, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion because Plaintiff, at this time, has failed to establish that the Court has personal jurisdiction over Defendant.

**I.**

Despite having been served with process on October 1, 2020 (doc. 4), Defendant has not appeared in this matter nor has it filed a response to Plaintiff's motion. For that reason, all of Plaintiff's alleged facts are taken as true for purposes of this motion. *See, e.g.*, *Lucas v. Monitronics Int'l, Inc.*, No. 1:17-cv-374, 2020 WL 6440255, at *1 (S.D. Ohio Nov. 3, 2020).

Plaintiff is a fiduciary of a benefit trust fund administered and created on behalf of members of the Ohio-based Bricklayers Local Union No. 22. Doc. 1 at PageID 2. The trust fund is administered through a trust agreement. Doc. 1-4. Plaintiff is empowered by the trust fund agreement to "demand, collect and receive Employer contributions." *Id.* at PageID 52.

Defendant and the Bricklayers Local Union No. 22 are parties to a collective bargaining agreement ("CBA"). Doc. 1-2, 1-3. The CBA requires Defendant to make contributions into a fringe benefit fund. Doc. 1-2 at PageID 27. Plaintiff -- through incorporation of the trust agreement into the CBA -- is permitted to audit Defendant on an "as necessary" basis to ensure that contributions are timely and accurately made into the fringe benefit fund. *Id.* at PageID 30. Plaintiff filed this complaint to recoup unpaid contributions from Defendant, and requests that the Court order Defendant to undergo an audit to determine the extent of -- if any -- delinquency. Doc. 1 at PageID 3–4.

After Defendant failed to timely plead or move in response to Plaintiff's complaint, *see* Fed. R. Civ. P. 12(a), Plaintiff requested the Clerk note Defendant's default pursuant to Federal Rule of Civil Procedure 55(a). Doc. 5. The Clerk entered Defendant's default on November 3, 2020. Doc. 6. Plaintiff filed this motion to compel an audit on November 17, 2020. Doc. 8.

**II.**

Because Plaintiff seeks a portion of the relief requested in its complaint and an entry of default was properly entered against Defendant, the Court construes Plaintiff's motion as one for partial default judgment. *See, e.g.*, *Nw. Adm'rs, Inc. v. Nat'l Express Transit Servs. Corp.*, No. 2:19-cv-00744, 2019 WL 3986807, at *3 (E.D. Cal. Aug. 23, 2019) ("Plaintiff's motion to compel compliance with the audit request does not fit squarely under any rule of civil procedure. However, . . . the motion effectively seeks partial default judgment and is properly analyzed under Federal Rule of Civil Procedure 55"); *cf. Mich. Laborers' Pension Fund v. Envtl. Specialty Servs., Inc.*,

2

No. 2:19-cv-12146, 2020 WL 1539336, at *1–2 (E.D. Mich. Jan. 31, 2020) (analyzing benefit trust funds' request to compel an audit under Rule 55). Therefore, the Court analyzes Plaintiff's motion under Rule 55.

Rule 55(b)(2) permits a court, in its discretion, to enter a default judgment following the entry of default by the Clerk. The Sixth Circuit has held that a court should take into account the following factors when considering whether to enter a default judgment: "(1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002). The Court must also be sure it has jurisdiction over the defaulted defendant. *See, e.g.*, *Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010) ("Personal jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of the district court, including entry of the default judgment").

The Court has subject matter jurisdiction over this matter pursuant to ERISA. ERISA provides that the United States District Courts shall have exclusive jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce the terms of the plan or the violations of 29 U.S.C. § 1145. *See* 29 U.S.C. §§ 1132(a), (e)(1), and (f).

However, Plaintiff has not sufficiently demonstrated the Court has personal jurisdiction over Defendant. "[Specific] [p]ersonal jurisdiction over an out-of-state defendant arises from 'certain minimum contacts with [the forum] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 449 (6th Cir. 2007) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310,

3

316 (1945)). The Sixth Circuit applies a three-part test to determine whether specific personal jurisdiction exists:

> First, the defendant must purposely avail [itself] of the privilege of acting in or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, those acts must have a sufficiently substantial connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.* at 550 (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir.1968)).[1]

The only jurisdictional fact pled by Plaintiff is that Defendant is a signatory to the CBA. Doc. 1-3 at PageID 46.[2] But Defendant's contract with an Ohio resident -- standing alone -- cannot convey personal jurisdiction. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985) ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot"). Therefore, from the face of the complaint, the Court cannot assess whether Defendant has "purposefully availed" itself of the benefits of conducting business in Ohio because Plaintiff provides no explanation of Defendant's course of dealing in the forum state. *See AlixPartners, LLP v. Brewington*, 836 F.3d 543, 550 (6th Cir. 2016) (quoting *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 889 (6th Cir. 2002) ("'Purposeful availment' is 'the

---

[1] A court may exercise general jurisdiction over a defendant "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *BNSF Ry. Co. v. Tyrrell*, -- U.S. --, 137 S. Ct. 1549, 1558 (2017). Here, Defendant is "at home" in Indiana because it as an Indiana LLC with its principal place of business in Indiana. Doc. 1 at PageID 2; *see also Daimler AG v. Bauman*, 571 U.S. 117, 121 (2014) (explaining that an LLC is "at home" for general jurisdiction purposes where it is incorporated and headquartered); *Capital Plus Constr. Servs., LLC v. Blucor Contracting, Inc.*, No. 3:19-cv-471, 2020 WL 5441437, at *3 (E.D. Tenn. Sept. 10, 2020) (citation omitted) ("[I]n the context of a limited liability company . . . general jurisdiction has typically been limited to the states where the LLC is organized and/or keeps its principal office.").

[2] "[D]efects in personal jurisdiction are not waived by default when a party fails to appear or to respond . . . ." *Wells v. Rhodes*, 592 F. App'x 373, 377 (6th Cir. 2014) (quoting *Gerber v. Riordan*, 649 F.3d 514, 520 (6th Cir. 2011)).

4

constitutional touchstone of personal jurisdiction,' and it exists 'where the defendant's contacts with the forum state proximately result from actions by the defendant *himself* that create a substantial connection with the forum State . . . and where the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there'").

### III.

Because the Court requires more jurisdictional facts, Plaintiff's motion to compel an audit is **DENIED WITHOUT PREJUDICE** to refilling.  If Plaintiff concludes an amended pleading is necessary and leave of court is required to so file, such leave is **GRANTED**.

**IT IS SO ORDERED.**


Date:   January 20, 2021                              s/Michael J. Newman
                                                     Michael J. Newman
                                                     United States District Judge

5