# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS AND MASONS LOCAL No. 22 PENSION PLAN, | : Case No. 3:20-cv-00398 : : District Judge Michael J. Newman : Magistrate Judge Caroline H. Gentry |
| Plaintiff, | : |
| vs. | : : |
| 5 STAR MASONRY LLC, | : : |
| Defendant. | : |

## REPORT AND RECOMMENDATIONS

This matter is before the undersigned to issue a Report and Recommendations on Plaintiff's Motion for Default Judgment As To Damages (ECF No. 23).

Plaintiff filed this lawsuit under the Employee Retirement Income Security Act of 1974 (ERISA) and the Labor Management Relations Act of 1947 (LMRA) to collect unpaid contributions that Defendant was required to make into a fringe benefit fund. (*See* Complaint, ECF No. 1.) After Defendant failed to respond to the complaint or appear in this matter, the Clerk of Court docketed an entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (ECF No. 6.) The Court later granted Plaintiff's motion for a default judgment and entered judgment in favor of Plaintiff. (ECF No. 14.)

As part of that judgment, the Court ordered Defendant to submit to an audit and provide "the records, information, and responses as necessary for Plaintiff to determine the amounts owed in unpaid contributions, liquidated damages, and interest." (ECF No.

1

14 at PageID 181.) The Court found Defendant liable for "the amount of contributions found due and owing from the audit, plus liquidated damages, interest, attorneys' fees, as well as the cost of said audit" and directed Plaintiff to file an affidavit containing these amounts owed following the audit. (*Id.*) The Court stated that after the affidavit was filed, the Court would enter a judgment for damages in favor of Plaintiff. (*Id.*)

Defendant initially failed to facilitate the audit as ordered and was therefore held in contempt. (ECF No. 19.) The Court then held several evidentiary hearings at which Defendant produced the required documents. Approximately one year later, Plaintiff filed a Motion for Default Judgment as to Damages. (ECF No. 23 (docketed by the Clerk as "Supplemental Motion for Default Judgment").) Plaintiff supported that Motion with the Declarations of Damien Strohmier, an agent of Blue & Co., LLC, a Certified Public Accounting Firm (ECF No. 23-1), and Paul E. Stoehr, counsel for Plaintiffs (ECF No. 23-2.). The Declarations are executed in conformity with 28 U.S.C. § 1746 and therefore fulfill the affidavit requirement imposed by the Court's prior Order (ECF No. 14).

The submitted Declarations and accompanying exhibits show that Defendant owes Plaintiff a total amount of $101,936.57:

> Unpaid Contributions: $61,782.68
> Liquidated Damages: $6,178.30
> Interest: $21,477.00
> Audit Fees: $3,549.59
> Attorney Fees/Costs: $8,949.00
> TOTAL: $101,936.57

(ECF No. 23, PageID 262.)

Defendant has not contested these figures, which constitute a sum certain. *See Iron Workers Dist. Council of S. Ohio & Vicinity Benefit Trust v Huber Inc.*, No. 3:18-CV-00129, 2020 WL 2542820 (S.D. Ohio 2020). Moreover, because this sum is "capable of ascertainment from definite figures contained in the documentary evidence [and] detailed affidavits" submitted by Plaintiff, the Court may award the requested damages without hearing. *United States v. Parker-Billingsley*, No. 3:14-CV-00307, 2015 WL 4539843, at *1 (S.D. Ohio 2015) (internal citations omitted). Accordingly, because Plaintiff has established its damages "with reasonable certainty," *see DT Fashion LLC v. Cline*, No. 2:16-CV-01117, 2018 WL 542268, at *2 (S.D. Ohio) (internal citations omitted), the undersigned **RECOMMENDS** that Plaintiff's Motion for Default Judgment as to Damages (ECF No. 23) be **GRANTED** and that judgment be awarded to Plaintiff in the amount of $101,936.57.

As previously ordered (*see* ECF No. 14, PageID 181), Plaintiff is also entitled to ongoing interest in the amount of one percent per month until the unpaid contributions are paid in full, as well as to any costs incurred in collecting the judgment amount. The undersigned therefore further **RECOMMENDS** that Plaintiff be **DIRECTED** to file a Bill of Costs detailing such expenses. The Court shall retain jurisdiction over this matter until its judgment, including interest and fees, is executed in full.

    **IT IS SO RECOMMENDED.**

                                            */s/ Caroline H. Gentry*
                                            Caroline H. Gentry
                                            United States Magistrate Judge

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).